IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMIE JONES                                                                                          PETITIONER

v.                                                                                                   No. 4:10CV71-A-S

M.D.O.C., ET AL.                                                                                     RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Jamie Jones for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition for failure to exhaust state remedies. The petitioner has not responded to the motion, and the deadline for response has expired. For the reasons set forth below, the state's motion to dismiss will be granted and the petition dismissed for failure to exhaust state remedies.

**Facts and Procedural Posture**

On June 5, 2009, Jamie Jones pled guilty to possession of a controlled substance in a correctional facility and was sentenced in the Circuit Court of LeFlore County, Mississippi, to a term of three years in the custody of the Mississippi Department of Corrections. By statute, there is no direct appeal from a guilty plea. *See* MISS. CODE ANN. § 99-35-101. However, a defendant may appeal a guilty plea within thirty days if the issue on appeal is the validity of the sentence. *Burns v. State*, 344 So.2d 1189 (Miss. 1977); *Trotter v. State*, 554 So.2d 313 (Miss. 1989); *Berry v. State*, 722 So.2d 706 (Miss. 1998); *Campbell v. State*, 743 So.2d 1050 (Miss. App. 1999); and *Acker v. State*, 797 So.2d 966 (Miss. 2001). Jones filed a "Motion for Post-Conviction Collateral Relief" ("PCR") under MISS. CODE ANN. § 99-39-1, *et. seq.* in the Circuit Court of LeFlore County, Mississippi, which he signed on May 4, 2010. That petition is currently pending before

the LeFlore County Circuit Court.

On June 9, 2010, Jones filed a petition for writ of *habeas corpus* in this court, raising two grounds for relief. Jones has broken his argument into two grounds, but he raises only one issue in his petition – a claim that his three year sentence should not be served as mandatory. In Ground One, Jones argues that it is unfair that his sentence for possession of a controlled substance in a correctional facility should be mandatory when the sentence for smuggling such contraband is not. He further argues that neither his plea agreement nor his sentencing order stipulated that the sentence would be mandatory. As such, Jones argues that he should be entitled to trusty time and the benefit of the 85 percent rule. In Ground Two, Jones simply continues the argument that his plea agreement did not require the time to be classified as mandatory and further complains that he should be entitled to the benefit of programs which would reduce his sentence.

Jones admits in his petition that he has only raised this claim in his application for post-conviction relief, which is currently pending in state court. Moreover, Jones has not filed any complaints with the Mississippi Department of Corrections Administrative Remedy Program raising his current allegations; nor has he filed an appeal raising this claim with the Mississippi Supreme Court.

**Exhaustion of State Remedies**

Before Jones may file his federal petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, he must first exhaust his remedies under state law:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

      (A)   the applicant has exhausted the remedies available in the courts of the State; or

    (B)(I) there is an absence of available State corrective process; or

      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

In addition:

An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c).

"Applicants seeking federal habeas relief under §2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). *See also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). To satisfy the exhaustion requirement, a federal habeas applicant must generally present his claims to the state's highest court in a procedurally proper manner and provide the highest state court with a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999); *see also Carter v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Failure to exhaust state remedies requires dismissal of the petition. *Id.*

Jamie Jones has not exhausted his state remedies. He has only raised the allegation contained in his *habeas corpus* petition (that his time should not be classified as a mandatory sentence) in his state court application for post-conviction relief, which is currently pending.

Neither has Jones filed a grievance with the Mississippi Department of Corrections Administrative Remedy Program regarding this claim. Finally, the Mississippi Supreme Court's docket does not reflect that Jones has filed an appeal raising the this claim. As such, Jones has not presented his claim to the state's highest court, and the instant petition for a writ of *habeas corpus* must me dismissed without prejudice for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 30th day of September, 2010.

 **/s/ Sharion Aycock**
 **U.S. DISTRICT JUDGE**